State Court of Fulton County
**E-FILED**
20EV007418
1/8/2021 1:00 PM
Christopher G. Scott, Clerk
Civil Division



IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **HIGHLAND REAL ESTATE, LLC,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**TRAVELERS CASUALTY** )<br>**INSURANCE COMPANY OF** )<br>**AMERICA,** )<br>)<br>Defendant. ) | Civil Action No.: <u>20EV007418</u> |

## ANSWER OF DEFENDANT

COMES NOW, the Defendant Travelers Casualty Company of America ("Travelers"), and files this Answer and Affirmative Defenses to Plaintiff's Complaint, and shows this Honorable Court the following:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Travelers upon which relief can be granted, and therefore, must be dismissed.

### SECOND AFFIRMATIVE DEFENSE

Travelers shows that Plaintiff's Complaint should be dismissed because the insurance agreement upon which the claim for insurance proceeds was brought does not provide coverage for the damage as alleged in the Complaint. The insurance agreement provides in pertinent part as follows:

> A. COVERAGE
>
> *We will pay for direct physical loss of or damage to Covered Property at the premises described in the declarations caused by or resulting from a Covered Cause of Loss.*
>
> *\*\*\**
>
> B. EXCLUSIONS
>
> 1. *We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.*
>
> *\*\*\**
>
> i. *Collapse of Buildings*
>
>    *Collapse of buildings meaning an abrupt falling down or caving in of a building or any part of a building with the result being that the building or part of a building cannot be occupied for its intended purpose.*
>
> *\*\*\**
>
> (4)   *With respect to buildings in a state of imminent collapse, we will not pay for loss or damage unless the state of imminent collapse first manifests itself during the policy*

>  *period and is caused only by one or more of the following which occurs during the policy period:*
> 
> *(a)   A "specified cause of loss" or breakage of glass;*
> 
> *(b)   Weight of people or personal property;*
> 
> *(c)   Weight of rain that collects on a roof; or*
> 
> *(d)   Use of defective material or methods in construction, remodeling or renovation if the state of imminent collapse occurs during the course of construction, remodeling or renovation*
> 
> *\*\*\**
> 
> 2. *We will not pay for loss or damage caused by or resulting from any of the following:*
> 
> *\*\*\**
> 
> *d. (1)   Wear and tear;*
> 
> *(2)   Rust, corrosion, fungus, decay, deterioration, wet or dry rot, mold, hidden or latent defect or any quality in property that causes it to damage or destroy itself;*
> 
> *But if an excluded cause of loss that is listed in Paragraphs (1) through (8) above results in a "specified cause of loss". . . we will pay for the loss or damage caused by that "specified cause of loss"*
> 
> *\*\*\**
> 
> *f.   Continuous or repeated seepage or leakage of water, or the*

> *presence of condensation of humidity, moisture or vapor,*
>
> *that occurs over a period of 14 days or more.*
>
> \*\*\*
>
> G. PROPERTY DEFINITIONS
>
> \*\*\*
>
> 26.  *"Specified Causes of Loss" means the following" Fire; lightning; explosion; windstorm or hail; smoke; aircraft or vehicles; riot or civil commotion; vandalism; leakage from fire extinguishing equipment; sinkhole collapse; volcanic action; falling objects; weight of snow, ice or sleet; water damage*

Plaintiff's claim for insurance proceeds, as asserted in the Complaint, results from property in a state of imminent collapse not caused by a specified cause of loss and thus is barred under these applicable exclusions. Therefore, Plaintiff's Complaint must be dismissed.

## THIRD AFFIRMATIVE DEFENSE

Travelers shows that Plaintiff's Complaint should be dismissed because the insurance agreement upon which the claim for insurance proceeds was brought does not provide coverage for the damage as alleged in the Complaint. The insurance agreement provides in pertinent part as follows:

> 3.  *Business Income and Extra Expense*
>
>     *Business Income and Extra Expense is provided at the premises described in the Declarations when the Declarations*

> *show that you have coverage for Business Income and Extra Expense.*
>
> *a. Business Income*
>
> *(1) Business Income means:*
>
> *(a) Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred, including:*
>
> *(i) "Rental Value"; and*
>
> ***
>
> *We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss.*

Plaintiff's claim for insurance proceeds, as asserted in the Complaint, results from a suspension of Plaintiff's operations due to damage that was not caused by a covered cause of loss and thus is barred under these applicable provisions. Therefore, Plaintiff's Complaint must be dismissed.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's allegations of bad faith failure to pay are without any basis in fact or law and are barred since Travelers did not refuse to pay based upon an unreasonable interpretation of the policy provisions as applied to the circumstances known, which represents a substantial legal basis for its payment and denial of Plaintiff's additional claim for damages, and therefore, Traveler's conduct was in good faith.

**FIFTH AFFIRMATIVE DEFENSE**

Pending further investigation and discovery, Travelers reserves the right to bring any and all affirmative defenses available to it under the Georgia Civil Practice Act and any applicable defenses under the laws of the State of Georgia.

**SIXTH AFFIRMATIVE DEFENSE**

In response to the specific allegations contained in the Plaintiff's Complaint, and while at all times reserving the defenses previously raised by Travelers, as well as those which may be added by amendment in the future after further discovery and investigation, Travelers states the following:

1.

Travelers is without sufficient information to either admit or deny the allegations contained in Paragraph 1 of the Complaint, and therefore, places Plaintiff on strict proof of same.

2.

Travelers admits the allegations contained in Paragraph 2 of the Complaint.

3.

Travelers admits the allegations contained in Paragraph 3 of the Complaint.  However, to the extent that Plaintiff asserts or infers that Fulton County is the sole proper venue for the action, the allegations are denied.

4.

Travelers denies that the Plaintiff has incurred harm and damage in this County.  The remainder of the allegations contained in Paragraph 4 of the Complaint are admitted  However, to the extent that Plaintiff asserts or infers that this Court is the only court with personal jurisdiction over the Travelers the allegations are denied.

FACTUAL BACKGROUND

5.

Travelers admits that it issued a Policy, number 680-2945P50A-19-42 (the "Policy"), providing certain coverage for the property located at 1190-98, 1199 N. Highland Avenue, Atlanta, GA, effective December 3, 2019 to December 3, 2020. The remaining allegations contained in Paragraph 5 are hereby denied.

6.

Travelers admits that wind caused damage to a portion of brick veneer on one of the walls at the covered property on December 31, 2019.  However, Travelers is without sufficient information to either admit or deny the remainder of the allegations contained in Paragraph 6 of the Complaint, and therefore, places Plaintiff on strict proof of same.  Further, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 6 that the Policy provides coverage for the loss upon which the Complaint is based, said allegations are hereby denied.

7.

Travelers admits that a portion of the wall remained standing.  However, Travelers denies that the portion of the wall that remains standing was compromised as a result of the downburst. Travelers is without sufficient information to either admit or deny the remainder of the allegations contained in Paragraph 7 of the Complaint, and therefore, places Plaintiff on strict proof of same.  Further, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 7 that the Policy provides coverage for the loss upon which the Complaint is based, said allegations are hereby denied.

8.

Travelers denies the allegations contained in Paragraph 8 of the Complaint.

9.

Travelers admits the allegations contained in Paragraph 9 of the Complaint.  However, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 9 that the Policy provides coverage for the loss upon which the Complaint is based, said allegations are hereby denied.

10.

Travelers admits that Plaintiff provided notice of the loss to Travelers, Travelers investigated of the loss, Plaintiff submitted additional information to Travelers regarding the loss, and that Travelers has denied Plaintiff's claim for damages associated with the portion of the wall that remains standing.  However, Travelers denies that its actions breached the Policy.

11.

Travelers admits that the Policy contains certain provisions regarding covered causes of loss.  However, the provisions of the Policy speak for themselves and must be read in connection with other provisions of the Policy when determining the extent of coverage to be afforded.  Further, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 11 that the Policy provides coverage for the loss upon which the Complaint is based, said allegations are hereby denied.

12.

Travelers admits that the Policy contains certain provisions defining covered cause of loss.  However, the provisions of the Policy speak for themselves and must be read in connection with other provisions of the Policy when determining the extent of coverage to be afforded.

Further, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 12 that the Policy provides coverage for the loss upon which the Complaint is based, said allegations are hereby denied.

13.

Travelers admits the allegations contained in Paragraph 13 of the Complaint.

14.

Travelers admits that a portion of the brick veneer fell from one of the walls of the property as a result of the downburst.  The remainder of the allegations contained in Paragraph 14 of the Complaint are denied.

15.

Travelers admits that after receiving notice of the loss it assigned an adjuster to investigate the claim.  The remaining allegations contained in Paragraph 15 of the Complaint are denied.

16.

Travelers denies the allegations contained in Paragraph 16 of the Complaint.

17.

Travelers admits the allegations contained in Paragraph 17 of the Complaint.  However, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 17 that Travelers' investigation of the claim was insufficient, said allegations are hereby denied.

18.

Travelers admits Plaintiff made a demand for payment on August 24, 2020. Travelers and admits that Exhibit 2 is a copy of that letter. Travelers denies the remaining allegations contained

in Paragraph 18 of the Complaint. Further, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 18 that Travelers acted in bad faith, said allegations are denied.

19.

Travelers admits that it sent Plaintiff the September 18, 2020 letter attached as Exhibit 3 to the Complaint. Travelers shows that the content of that letter speaks for itself. The remainder of the allegations contained in Paragraph 19 of the Complaint are denied.

20.

Travelers admits that it made payment to Plaintiff on October 12, 2020, which falls after August 14, 2020. The remainder of the allegations contained in Paragraph 20 of the Complaint are denied.

21.

Travelers denies the allegations contained in Paragraph 21 of the Complaint.

22.

Travelers denies the allegations contained in Paragraph 22 of the Complaint.

<u>COUNT I</u>
<u>BREACH OF CONTRACT</u>

23.

The allegations contained in Paragraph 23 of the Complaint do not require a response by Travelers, but to the extent it is alleged they do, the allegations are denied.

24.

Travelers denies the allegations contained in Paragraph 24 of the Complaint.

25.

Travelers denies the allegations contained in Paragraph 25 of the Complaint.

26.

Travelers denies the allegations contained in Paragraph 26 of the Complaint.

## COUNT II
## INSURANCE BAD FAITH PURSUANT TO O.C.G.A. § 33-4-6

27.

The allegations contained in Paragraph 27 of the Complaint do not require a response by Travelers, but to the extent it is alleged they do, the allegations are denied.

28.

Travelers admits Plaintiff made a demand for payment on August 14, 2020. The remaining allegations contained in Paragraph 28 of the Complaint are denied. Further, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 28 that Travelers acted in bad faith, said allegations are denied.

29.

Travelers denies the allegations contained in Paragraph 29 of the Complaint.

30.

Travelers denies the allegations contained in Paragraph 30 of the Complaint.

WHEREFORE, having responded to the allegations of Plaintiff's Complaint, Travelers respectfully requests that:

1. Plaintiff's Complaint be dismissed against Travelers and discharged with all costs cast upon Plaintiff for attorney's fees and expenses of litigation; and

2. Travelers be awarded such other further relief as the Court may deem just and proper.

Served this 8th day of January, 2021.

                                                                       DREW ECKL & FARNHAM, LLP

                                                                       */s/ Karen K. Karabinos*
                                                                       Karen K. Karabinos
                                                                       Georgia Bar No. 423906

                                                                       */s/ Sara S. Becker*
                                                                       Sara S. Becker
                                                                       Georgia Bar No.: 212792

                                                                       *Counsel for Defendant*

303 Peachtree Street, NE
Suite 3500

Atlanta, GA  30308
Phone: (404) 885-1400
Fax: (404) 876-0992

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

James J. Leonard
Christopher Daniels
Barnes & Thornburg, LLP
Prominence in Buckhead
3475 Piedmont Road, N.E., Suite 1700
Atlanta, GA 30305-3327 U.S.A.
Jim.Leonard@Btlaw.Com
Cdaniels@Btlaw.Com

This 8th day of January, 2021.

>  /s/ *Karen K. Karabinos*
>  Karen K. Karabinos
>
>  *Counsel for Defendant*

Drew, Eckl & Farnham, LLP
303 Peachtree Street, NE
Suite 3500
Atlanta, GA  30308
Phone: (404) 885-1400
Fax: (404) 876-0992